UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charman Beathia,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Costco Wholesale Corporation, et al.,<br><br>　　　　　　　Defendants. | 1:22-cv-00474-NODJ-CDB<br><br>ORDER |

Plaintiff Charman Beathia brought this action against defendants Costco Wholesale Corporation, Sargon Davoodi and doe defendants in state court for an injury she sustained on Costco's premises. Costco removed the action to this court, seeking to invoke this court's diversity jurisdiction. Ms. Beathia now moves to amend her complaint to add a non-diverse defendant, Trey Cardwell, who was the manager of Costco when she fell. If Trey Cardwell were joined, the parties would not be diverse, so in the same motion, Ms. Beathia seeks to remand this action to state court. For the following reasons, the court **grants** the motion.[1]

---

[1] In the interests of justice and addressing the heavy civil caseloads in the Fresno courthouse, the undersigned resolves the pending motion to remand, ECF No. 10.

1

**I.   BACKGROUND**

On April 7, 2020, Charman Beathia approached the entrance of Costco and tripped over a raised, loose piece of yellow truncated dome tactile paving.[2] Am. Compl., ECF No. 18. Plaintiff fell on the ground and sustained serious physical injuries as a result of the fall. *Id.* Ms. Beathia filed this lawsuit against Costco and Costco's manager[3] whose name she thought at the time was Sargon Davoodi, as well as several other doe defendants. *See generally* Compl. She asserts two legal claims: 1) premise liability for dangerous conditions on the property and 2) negligence. *See generally* Am. Compl.

Ms. Beathia originally filed this case in Kern County Superior Court. *Id.* ¶ 12. Defendant removed the case to this court based on the parties' diversity of citizenship: Costco is a Washington corporation, and Ms. Beathia is a California citizen. Not. Removal at 4, ECF No. 1. Sargon Davoodi is a citizen of California, but Costco believes his citizenship should be ignored because it says he was fraudulently joined. *Id.*

On June 29, 2022, Ms. Beathia moved for leave to file a first amended complaint and to remand the action to state court. Initial Mot., ECF No. 10. The district judge then assigned to

---

[2] Truncated dome tactile paving, also known as a detectable warning surface, is a yellow, raised surface designed to guide the visually impaired into public spaces safely. Access Title Tactile Systems, "ADA Regulations for Truncated Dome Tile" (2019).

[3] In Ms. Beathia's original complaint, filed in March 2021, she identified Sargon Davoodi as the Costco manager, on information and belief. Compl. ¶ 16. Ms. Beathia's counsel later conducted a third-party investigation to determine who the Costco manager was at the time of her injury. Decl. of Mark J. Nagle, ECF No. 18, ¶ 4. On May 18, 2022, Ms. Beathia learned Trey Cardwell was the actual manager at the time of her injury. *Id.* She then sought to amend her complaint to replace Sargon Davoodi with Trey Cardwell as the Costco Manager. Mot. Remand, ECF No. 16. Costco objects to plaintiff's counsel declaration, verifying that Ms. Beathia learned more than a year after the original complaint was filed that Trey Cardwell was the store manager at the time of her injury. *See Obj.*, ECF No. 23 at 2. Costco alleges this information lacks foundation and is inadmissible hearsay. *Id.* When determining whether the plaintiff has failed to state a valid claim against a non-diverse defendant, courts may look to the face of the plaintiff's complaint as well as to additional summary judgment type evidence. *Rangel v. Bridgestone Retail Operations, LLC,* 200 F. Supp. 3d 1024, 1032 (C.D. Cal. 2016). A district court may consider inadmissible hearsay evidence at summary judgment, so long as the evidence could be provided in admissible form at trial. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016). Here, the court may consider information obtained through Ms. Beathia's private investigation in deciding the motion to remand because it could be admitted during trial. Costco's objection is **overruled.**

2

this case directed plaintiff to file an amended motion because plaintiff's initial motion did not comply with the judge's standing order.  *See* Min. Order, ECF No. 15.  Plaintiff has now filed an amended motion for leave to file an amended complaint and to remand the action to state court.  Mot. Remand, ECF No. 16.  Plaintiff seeks to add the Costco manager at the time of her injury, Trey Cardwell, as a defendant.  Mem. at 6, ECF No. 17; *see also* note 3 *supra*.  She also moves to remand the case to the Kern County Superior Court.  *Id.*  Costco opposes the motion, arguing the proposed amendment is a ploy to deprive the court of jurisdiction.  Opp'n at 6, ECF No. 24.  The matter is fully briefed.  *See* Reply, ECF No. 25.

## II.     LEGAL STANDARD

When a federal district court would have original jurisdiction over an action originally filed in state court, the action may be removed to federal court.  28 U.S.C. § 1441(a).  "On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence."  *Taylor v. United Road Servs.*, 313 F. Supp. 3d 1161, 1168 (E.D. Cal. 2018) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 86–87; *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F. 3d 975, 978 (9th Cir. 1985)).  If a plaintiff seeks to join a defendant after a case is removed, and if the joinder would render the parties nondiverse, the court may either (1) deny the request or (2) join the new defendant and remand the action to state court.  28 U.S.C. § 1447(e).  The language of § 1447(e) is permissive—district courts have discretion to grant joinder.  *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).

In deciding whether to permit a nondiverse defendant to be joined under § 1447(e), the court considers the following factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendant in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.  *IBC Aviation Servs. v.*

*Compania Mexicana De Aviacion, S.A. de C.V.,* 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.,* 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

There are two ways to establish fraudulent joinder: by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder must be proven by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007).

### III.   ANALYSIS

#### A.   Extent to Which Non-Diverse Parties are Needed for Just Adjudication

Ms. Beathia's allegations and arguments demonstrate joinder should be required under Rule 19(a). A person must be joined as a party under Rule 19(a) if "in that person's absence, the court cannot accord complete relief among existing parties" or if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect their interest." Fed. R. Civ. P. 19(a)(1). An amendment to join a party under section 1447(e) is less restrictive than the standard for joinder under Rule 19. *See IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011–12. The requirements for joinder under §1447(e) can be met when failure to join will lead to separate and redundant actions. *Fukuchi v. Stein Mart, Inc.,* No. 19-8266, 2019 WL 8756866, at *6 (C.D. Cal. Nov. 27, 2019).

Ms. Beathia now alleges Trey Cardwell was the manager of Costco at the time of her fall, and he owed a duty of care to protect customers from dangerous conditions on the property, specifically dangers posed by improperly installed and maintained dome tactile paving. Am. Compl. ¶ 5. Costco argues Ms. Beathia has not pled any facts to show Trey Cardwell was personally responsible for the purportedly unsafe conditions, or that he engaged in conduct outside of the course and scope of his employment. Opp'n at 12. Costco points to *Munoz v. Walmart, Inc.,* where the plaintiff individually named the defendant-manager at the time of her injury. No. 19-08333, 2020 WL 91499, at *1 (C.D. Cal. Jan. 8, 2020). The court in *Munoz* held

the manager was not a necessary party because the plaintiff could obtain relief without the defendant-manager's presence. *Id.*

Costco's pointing to *Munoz* does not persuade the court that Ms. Beathia should not have named Trey Cardwell as a defendant in her complaint. Ms. Beathia has identified who she believes was the Costco manager when her injury occurred, and there is no reason apparent in the record before the court why she should not be permitted to assert any plausible claims against him. Theoretically, if the statute of limitations had not run for an action against Mr. Cardwell, Costco would have Ms. Beathia bring forth a separate action against him notwithstanding the that action would be based on the same factual allegations as here. Such redundancy would not serve Ms. Beathia's interests or those of the court. *See Fukuchi*, No. 19-8266, 2019 WL 8756866, at *6 (plaintiff should not be forced to litigate similar claims in separate actions). This factor weighs in favor of joinder.

### B.     Statute of Limitations

Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief in state court. *Yang v. Swissport USA, Inc.,* No. 09–03823, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1083, 1080 (C.D. Cal. 1999)). Where a plaintiff would be required to litigate essentially duplicative federal and state lawsuits arising out of the same facts, the interest in conserving judicial resources and the risk of inconsistent results weighs in favor of allowing joinder. *IBC Aviation Servs., Inc.,* 125 F. Supp. 2d at 1011–12. Here, Ms. Beathia would be barred from pursuing a separate action against Trey Cardwell in accordance with California Code of Civil Procedure section 335.1 because the two-year statute of limitations for bringing such a claim lapsed on April 7, 2022. This factor weighs in favor of joinder.

### C.     Timeliness

As for Ms. Beathia's delayed request for leave to amend, unjustified delay in filing a motion to amend can be a reason to suspect the plaintiff wishes to defeat federal jurisdiction. *Davis v. Tower Select Ins. Co.*, No. 12-1593, 2013 WL 127724, at *3 (E.D. Cal. Jan. 9, 2013).

5

Here, however, the record suggests Ms. Beathia did not purposely delay. She moved to amend her complaint soon after learning who the actual manager was on the day of her fall, and she raised the possibility of joinder before the court held the Rule 16 Scheduling Conference. Reply at 10. Ms. Beathia also moved to amend before any discovery had been taken and Rule 26 initial disclosures made. *Id.* The court has not set a date by which parties must be joined. *Id.* Ms. Beathia named the person she thought was the Costco manager in her original state court suit, before she learned the actual identity of the manager at the time of her injury. She has not engaged in foul play. This factor weighs in favor of joinder.

### D. Motive

Costco alleges Ms. Beathia's motion to amend is brought in bad faith, solely to defeat jurisdiction. As stated above, defendants must prove fraudulent joinder through actual fraud in the pleadings or the inability of the plaintiff to establish a cause of action. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Fraudulent joinder must be established by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, Costco asserts Ms. Beathia has not pointed to any admissible evidence Trey Cardwell was present at the time of her accident or even employed at the Costco where her injury occurred. They argue Ms. Beathia added Trey Cardwell as a sham defendant. Opp'n at 10-11. First, defendant has not shown fraudulent joinder through actual fraud; there is no indication of actual fraud in Ms. Beathia's amended complaint. Second, defendant also has not shown plaintiff has no basis for a claim against Cardwell. "If there is a possibility a state court would find the complaint states a claim against any of the resident defendants, the federal court must find the joinder was proper and remand the case to state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam) (emphasis added). Costco has not shown there is no possibility for Ms. Beathia to assert such facts against Trey Cardwell. Ms. Beathia is not joining Trey Cardwell for the purpose of keeping her claims

6

out of federal court. Ms. Beathia's injury occurred at Costco and she has shown, based on her further investigation, there is a possibility of recovery against Trey Cardwell as the person she believes is the proper defendant. Costco has not proved by clear and convincing evidence Trey Cardwell is fraudulently joined. This factor weighs in favor of joinder.

### E. Validity of Claims

"Because the decision under § 1447(e) is a discretionary one, courts consider all issues that bear on the equities of allowing amendment. Among these is whether a new claim sought to be added seems to have merit." *Clinco*, 41 F. Supp. 2d at 1083. Ms. Beathia alleges the following claims against Trey Cardwell: premise liability and negligence. *See generally* Am. Compl. Costco questions the validity of Ms. Beathia's proposed claims against the Costco manager. *See generally* Opp'n. Costco also argues any Costco manager cannot be found individually liable for Ms. Beathia's injury under the doctrine of respondeat superior. *Id.* Rather, the manager's purported liability would be imputed to Costco, and therefore plaintiff has no valid claim against the manager. *Id.* at 6 (relying on *Munoz v. Walmart, Inc.*, No. 19-08333, 2020 WL 91499 (C.D. Cal. Jan. 8, 2020).

The doctrine of respondeat superior "clearly contemplates that the negligent employee whose conduct is sought to be attributed to the employer at least be specifically identified, if not joined as a defendant." *Boling Air Media Inc. v. Panalpina Inc.*, No. 19-00084, 2019 WL 3798492, at *8 (E.D. Cal. Aug. 13, 2019) (collecting authority to show negligent employees can be individually joined as defendants). Respondeat superior does not shield employees from suits for their negligence. *Silva v. Wal-Mart Stores, Inc.*, No. CV 18-1218, 2018 WL 6112613, at *2 (C.D. Cal. Mar. 28, 2018). Additionally, courts in this Circuit "have repeatedly rejected [the] arguments [defendant makes] involving defendant managers, finding that there is a possibility of recovery against them under California law." *Harris v. Walmart Inc.*, No. 22-02540, 2022 WL 2132588, at *3 (C.D. Cal. June 13, 2022) (collecting cases). Ms. Beathia alleges Trey Cardwell, as the Costco manager at the time of her fall, exercised control over the premises, and breached his duty of care to customers. Am. Compl. ¶ 5. She also alleges Mr. Cardwell was responsible

for ensuring Costco's yellow truncated dome tactile paving was not posing a danger to consumers. *Id.* Based on her allegations, Ms. Beathia has at least a possibility of recovery against Trey Cardwell individually, which is all that is needed at this stage. This factor weighs in favor of joinder.

### F. Prejudice to Plaintiff

Because the statute of limitations appears to have run on Ms. Beathia's claim, she likely would not be able to bring an action against Trey Cardwell individually in state court. This factor weighs in favor of joinder.

## IV. CONCLUSION

Plaintiff's initial motion to remand (ECF No. 10) is **denied as moot** in light of her amended motion. Plaintiff's amended motion to amend and remand (ECF No. 16) is **granted.** This action is **remanded** to the Kern County Superior Court. This order resolves ECF Nos. 10 and 16. The Clerk of Court is directed to **close** the case.

IT IS SO ORDERED.

DATED: December 14, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

8